E-filed on   February ~~7, 2012~~ *14, 2012*

STEPHEN G. YOUNG
_____
Name
**4427**
_____
Bar Code #
**620 E. PLUMB LANE**
**STE 210**
**Reno, NV 89502**
_____
Address
**775-329-7979**
_____
Phone Number

# UNITED STATES BANKRUPTCY COURT
## NV

In re:    KATINA E. SPEAR

| | |
|---|---|
| Case # | **11-50120** |
| Chapter | **7** |
| Trustee | |

Debtor(s)

## AMENDMENT COVER SHEET

### Amendment(s) to the following are transmitted herewith. Check all that apply.

( )    Petition (must be signed by debtor *and* attorney for debtor per Fed. R. Bankr. P. 9011)

(X )    Summary of Schedules

( X )    Schedule A - Real Property

(X )    Schedule B - Personal Property

( X )    Schedule C - Property Claimed as Exempt

( )    Schedule D, E, or F, and/or Matrix, and/or List of Creditors or Equity Holders

    ( )    Add/delete creditor(s), change amount or classification of debt - **$30.00 fee required**

    ( )    Add/change address of already listed creditor, add name/address of attorney for already listed creditor, amend petition, attach new petition on converted case, supply missing document(s) - **no fee**

\* Must provide diskette and comply with Local Rule 1007 if add/delete creditor or add/change address of already listed creditor

( )    Schedule G - Schedule of Executory Contracts & Unexpired Leases

( )    Schedule H - Codebtors

( )    Schedule I - Current Income of Individual Debtor(s)

( )    Schedule J - Current Expenditures of Individual Debtor(s)

( )    Statement of Financial Affairs

### Declaration of Debtor

**I (We) declare under penalty of perjury that the information set forth in the amendment(s) attached hereto is (are) true and correct to the best of my (our) information and belief.**

_____
KATINA E. SPEAR
**Debtor's Signature**
**Date:**   February 7, 2012

(Revised 4/19/04)

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B6A (Official Form 6A) (12/07)

In re    **KATINA E. SPEAR**                                               Case No. ____**11-50120**____
_____,
Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| PROPERTY @ 17710 HONEY LOCUST COURT, RENO, NV | FEE SIMPLE | - | 105,872.00 | – 190,500.00 |
| INTEREST LAND LOT #006-122-42 , CHURCHILL COUNTY, NV DEBTOR HOLDS A ONE-THIRD SHARE OF ONE-HALF OF THE LOT. ESTIMATED VALUE OF ONE-HALF INTEREST AS OF 2006 WAS $20,000. CURRENT ESTIMATED VAKUE OF ENTIRE LOT IS NOW $20,000. | Fee simple | - | 3,400.00 | 0.00 |

|  |  |  |
|---|---|---|
| Sub-Total > | 109,272.00 | (Total of this page) |
| Total > | 109,272.00 | |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

In re    **KATINA E. SPEAR**                                              ,    Case No. ___**11-50120**_____
                                    Debtor

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | **CASH IN POCKET** | - | 150.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | - | **CHECKING ACCT @ WELLS FARGO, LAST 4 #** | - | 50.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | - | - | - |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **HOUSEHOLD GOODS, APPLIANCES & FURNISHINGS** | - | 1,250.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **USED WOMENS CLOTHING** | - | 750.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >          **2,200.00**
(Total of this page)

___**3**___    continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re   **KATINA E. SPEAR**                                                          Case No. _____**11-50120**_____
                                                    ,
                                               Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | PROMISSORY NOTE: owed to Debtor by FABRIC CARE SPECIALISTS, INC. 900 W. Moana, Ste. 102 , Reno, NV 89509 FACE AMOUNT approx. $ 92,489 Payments are sporadic and Debtor has been forced to retain counsel to collect. Officer of  company responsible for payment is Joseph Spear. | - | Unknown |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

Sub-Total >                    **0.00**
(Total of this page)

Sheet __**1**__ of __**3**__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **KATINA E. SPEAR**                                              ,    Case No. ___**11-50120**_____
                                                        Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | JUDGMENT IN FAVOR OF DEBTOR AGAINST MARK HODGEN FACE AMOUNT $10,000. DEBTOR HAS ATTEMPTED TO COLLECT DEBT BUT HAS HAD NO SUCCESS TO DATE. JUDGMENT DEBTOR HAS HISTORY OF INSTABILITY | - | 1.00 |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2004 LEXUS GX470 | - | 14,775.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

Sub-Total >        **14,776.00**
(Total of this page)

Sheet __**2**__ of __**3**__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **KATINA E. SPEAR**                                                    , Case No. _____**11-50120**_____
                                        Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > (Total of this page) | 0.00 |
| Total > | 16,976.00 |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6C (Official Form 6C) (4/10)

In re    KATINA E. SPEAR                                                    ,    Case No.    11-50120
                              Debtor

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                          $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                              *with respect to cases commenced on or after the date of adjustment.)*
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property**<br>PROPERTY @ 17710 HONEY LOCUST COURT, RENO, NV | Nev. Rev. Stat. §§ 21.090(1)(l) and 115.050 | 105,872.00 | 105,872.00 |
| **Household Goods and Furnishings**<br>HOUSEHOLD GOODS, APPLIANCES & FURNISHINGS | Nev. Rev. Stat. § 21.090(1)(b) | 1,250.00 | 1,250.00 |
| **Wearing Apparel**<br>USED WOMENS CLOTHING | Nev. Rev. Stat. § 21.090(1)(b) | 750.00 | 750.00 |
| **Other Liquidated Debts Owing Debtor Including Tax Refund**<br>PROMISSORY NOTE: owed to Debtor by FABRIC CARE SPECIALISTS, INC. 900 W. Moana, Ste. 102 , Reno, NV 89509 FACE AMOUNT approx. $ 92,489 Payments are sporadic and Debtor has been forced to retain counsel to collect. Officer of  company responsible for payment is Joseph Spear. | Nev. Rev. Stat. § 21.090(1)(z) | 1,000.00 | Unknown |
| **Automobiles, Trucks, Trailers, and Other Vehicles**<br>2004 LEXUS GX470 | Nev. Rev. Stat. § 21.090(1)(f) | 15,000.00 | 14,775.00 |
|  | Total: | 123,872.00 | 122,647.00 |

  0    continuation sheets attached to Schedule of Property Claimed as Exempt

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## NV

In re    **KATINA E. SPEAR**                               Case No.    **11-50120**

                                      Debtor(s)                  Chapter    **7**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

        I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of    **18**   sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **February 7, 2012**               Signature                                                                                  

                                                  KATINA E. SPEAR

                                                  Debtor

*Penalty for making a false statement or concealing property:*   Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.